UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CURTISS KIMBALL,

        Plaintiff,

v.

KILOLO KIJAKAZI, Acting
Commissioner of Social Security,

        Defendant.

Case No. 20-CV-871-JPS

**ORDER**

On September 16, 2021, the Court issued an order reversing, in part, the decision of the Commissioner of Social Security and remanding the case pursuant to Section Four of Section 205 of the Social Security Act, 42 U.S.C. § 405(g). (Docket #18, #19). On January 13, 2022, Plaintiff filed a motion for an award of attorney's fees and costs in this case pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, seeking $7,852.87. (Docket #25). This amount includes attorney's fees in the amount of $6,357.87, accounting for cost-of-living adjustments, and paralegal fees in the amount of $1,495.00. (*Id.* at 1).[1]

On January 24, 2022, the Government filed a response stating that it did not oppose the petition for fees in the amount of $7,852.87. However, the Government offered some clarifying language in order "to ensure that

---

[1] The Court notes that in Plaintiff's briefing, there is one instance where he states that he "seeks attorney's fees of $1,495.00 and paralegal fees of $7,852.87. The total award would be $7,852.87." (Docket #29 at 6). This is inconsistent with the rest of Plaintiff's submissions and is also mathematically incorrect, so the Court infers an error and will disregard this sentence in light of the rest of the submissions.

the language in the Court's order does not conflict with the process by with the Department of Treasury makes payment." (Docket #31). The Government's proposed language tracks with the Court's usual language for orders such as these. Pursuant to the parties' submissions, and because the Court finds that the fees incurred are both reasonable and necessary and qualify under the EAJA,

**IT IS ORDERED** that Plaintiff's motion for an award of attorney's fees (Docket #25) be and the same is hereby **GRANTED**; an award of attorney's fees in the amount of $7,852.87 and costs in the amount of $0 shall be paid by Defendant in full satisfaction and settlement of any and all claims Plaintiff may have in this matter pursuant to the EAJA. These fees are awarded to Plaintiff and not Plaintiff's attorney and can be offset to satisfy pre-existing debts that the litigant owes the United States under *Astrue v. Ratliff*, 560 U.S. 586 (2010). If counsel for the parties verify that Plaintiff owes no pre-existing debt subject to offset, then Defendant shall direct that the award be made payable to Plaintiff's attorney pursuant to the EAJA assignment signed by Plaintiff and counsel. If Plaintiff owes a pre-existing debt subject to offset in an amount less than the EAJA award, the Social Security Administration will instruct the U.S. Department of Treasury that any check for the remainder after offset will be made payable to Plaintiff and mailed to the business address of Plaintiff's attorney.

Dated at Milwaukee, Wisconsin, this 27th day of January, 2022.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge